# UNITED  STATES  DISTRICT  COURT
## SOUTHERN  DISTRICT  OF  OHIO
### WESTERN  DIVISION

WILLIAM DIXON,          Case No. 1:12-cv-294
      Plaintiff

                          Dlott, J.
      vs                    Wehrman, M.J.

GARY MOHR, et al.,        **ORDER AND REPORT AND**
Defendants            **RECOMMENDATION**

Plaintiff, an inmate at the Southern Ohio Correctional Facility (SOCF) in Lucasville, Ohio, brings this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights.  By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."  *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).  To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious.  *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i).  A complaint may be dismissed as frivolous when the

plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-

2

pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Plaintiff, who is proceeding *pro se*, brings this action against Gary Mohr, the Director of the Ohio Department of Rehabilitation and Correction (ODRC); John Gardner, ODRC's Chief Medical Officer; Anthony Cadogan, SOCF's Chief Medical Officer; Don Morgan, SOCF's Warden; Larry Greene, a "warden" at SOCF; Mic Oppy, another "warden" at SOCF; Ohio Attorney General Mike Dewine; prosecutor Mathis Heck; prosecutor Ward Barentine; prosecutor Ms. Scott; witness Devon Schultz; witness Angie Walton; Judge A.J. Wagner; Detective Richard Ward; and John H. Rion.

The lengthy complaint is rambling and difficult to decipher. Construing the complaint liberally, it appears that plaintiff's claims against defendants Dewine, Heck, Barentine, Scott, Schultz, Walton, Wagner, Ward and Rion are based on numerous allegations of impropriety that occurred with respect to his arrest, prosecution, trial, conviction and 21-year sentence in Ohio for a criminal offense, which he claims he did not commit and is instead a case of mistaken identity. (*See* Doc. 1, Complaint, pp. 5, 13-23, 25).

3

Plaintiff's claims against defendants Codogan and Gardner are based on allegations of "negligence" in medical care.  (*Id.*, p. 12).  Plaintiff has alleged as supporting facts that after he received emergency surgery when he was stabbed and assaulted by other inmates at SOCF, he was denied "real pain meds" and was not given a hospital bed at "C.M.C.," but was instead placed on a mat on a concrete floor in an over-heated room with "no elevation."  (*Id.*, p. 5).  He also alleges that he "never got any P.T;" he only receives one "Ty3"in the morning and at night for pain, which is ineffective and causes addiction; "[i]t takes months to see doctor for medication;" and medical staff "ignore all [his] complaints," did not check his stomach or colon when he complained about a "col[o]n issue," and responded to plaintiff's report of "poisoned" by stating only that plaintiff "was not housed in DI - for medical." (*See id.*, pp. 6-7).

Finally, it appears that plaintiff is alleging a number of claims against Morgan, Greene and Oppy, as well as defendant Mohr in his role as "boss" who "should know what's going on."  (*See id.*, p. 12).  First, it appears that plaintiff is claiming that, as a victim of multiple attempts on his life by other inmates, the defendants have failed to adequately protect him from harm.  (*See id.*, pp. 5, 7-10).  Second, plaintiff's allegations of "negligence" in medical care appear to extend to Mohr, as well as Morgan, Greene and Oppy in their supervisory capacity at SOCF.  Third, plaintiff has conclusorily alleged that SOCF staff have stolen "alot of [his] personal property" and that he "has been denied religious service;" access to the prison law library, commissary, and legal assistance; "any exercise;" and "visits" at the prison.  (*Id.*, p. 10).

As relief, plaintiff requests $10,000,000 in damages; "pain meds back to 3 times a day

4

with 2 Altrums at a time;" the reversal of his criminal conviction or modification of his sentence to a six-year prison term, or "[i]f we got to go the long road," placement in protective custody; access to "free mason books" and items that SOCF made him mail home; and certain items claimed to have been "stolen by staff."  (*Id.*, pp. 24-25).

Plaintiff has failed to state a cognizable claim for relief against defendants Dewine, Heck, Barentine, Scott, Schultz, Walton, Wagner, Ward and Rion and any other named defendant to the extent he alleges they violated his constitutional rights with respect to his arrest, prosecution and conviction on criminal charges in Ohio.  A judgment in favor of plaintiff on such claims would necessarily imply that his state court conviction or sentence is invalid.  *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Cummings v. City of Akron*, 418 F.3d 676, 682-83 (6th Cir. 2005); *Schilling v. White*, 58 F.3d 1081, 1085-86 (6th Cir. 1995). Under *Heck*, when a successful civil rights action under 42 U.S.C. § 1983 would necessarily imply the invalidity of a plaintiff's conviction or sentence, the complaint must be dismissed unless the plaintiff demonstrates that the decision resulting in his confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254.  *Heck*, 512 U.S. at 486-87; *see also Edwards v. Balisok*, 520 U.S. 641, 643 (1997).  It appears clear from the face of the complaint that plaintiff's conviction and sentence still stand and have not been overturned or invalidated in accordance with *Heck*.  Therefore, plaintiff may not proceed with his § 1983 action against defendants Dewine, Heck, Barentine, Scott, Schultz, Walton, Wagner, Ward and Rion or any other named defendant on claims challenging his arrest, prosecution and criminal conviction in

5

Ohio.  To the extent plaintiff seeks relief in the form of an injunction geared towards a speedier release from imprisonment through the reversal of his conviction or correction of his sentence, his sole federal remedy is a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 after he has exhausted his state court remedies.  *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Hadley v. Werner*, 753 F.2d 514, 516 (6th Cir. 1985).

Plaintiff also has not stated a claim upon which relief may be granted against defendant Mohr, who has been named as a defendant in this action solely on the basis of his supervisory position as ODRC's Director.  (*See* Doc. 1, Complaint, p. 12).  *Respondeat superior* does not apply to § 1983 claims and may not serve as a basis for liability.  *See Iqbal,* 556 U.S. at 676 (citing *Monnell v. New York City Dep't of Social Servs.*, 436 U.S. 658, 691 (1978)).  "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Id.*  Liability of supervisory personnel under § 1983 "must be based on more than the right to control employees."  *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984).  "Supervisory liability under § 1983 does not attach when it is premised on mere failure to act; it 'must be based on active unconstitutional behavior.'"  *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002) (quoting *Bass v. Robinson,* 167 F.3d 1041, 1048 (6th Cir. 1999)).  In the absence of any factual allegations or evidence suggesting that ODRC's director played an active role in the alleged violations, plaintiff's claims against Mohr based on the theory that he is the "boss" who "should know what's going on" are insufficient to state a cause of action under § 1983.  (*See* Doc. 1, Complaint, p. 12).  Therefore, defendant Mohr should be dismissed as a defendant in this action.

Plaintiff's allegations pertaining to the medical care he has received at SOCF also fail to state a claim for relief under 42 U.S.C. § 1983 against defendants Cadogan and Gardner or any other named defendant allegedly involved with his medical care at SOCF.  As discussed above with respect to defendant Mohr, to the extent that plaintiff alleges the defendants are liable solely on the basis of their supervisory positions at SOCF, his allegations are insufficient to state a claim for relief under § 1983 based on the theory of *respondeat superior*.  *See Iqbal*, 556 U.S. at 676.  Moreover, plaintiff's factual allegations are insufficient to state a claim upon which relief may be granted.  In order to state a claim under 42 U.S.C. § 1983 concerning a denial of adequate medical care, plaintiff "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs" in violation of the Eighth Amendment.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  An Eighth Amendment violation occurs "[w]hen the indifference is manifested by . . . prison guards in intentionally denying or delaying access to medical care" for a serious medical need.  *Id.* at 104; *see also Blackmore v. Kalamazoo Cnty.,* 390 F.3d 890, 895 (6th Cir. 2004).

Such a claim has both an objective and subjective component.  *Barnett v. Luttrell*, 414 F. App'x 784, 787 (6th Cir. 2011); *Blackmore.,* 390 F.3d at 895.  The objective component mandates that there be a "sufficiently serious" medical need.  *Id.*  In *Blackmore*, the Sixth Circuit pointed out that there are two scenarios in which courts have held that a medical need is "sufficiently serious" to satisfy the objective component: (1) where the medical need "has been diagnosed by a physician as mandating treatment *or* . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention;" and (2) in cases involving the prison's failure to adequately treat a condition or "seemingly minor or non-obvious"

7

complaints, where a delay in treatment is shown to have caused a serious injury, loss or handicap.  *See Blackmore*, 390 F.3d at 897-88 (and numerous cases cited therein).

The separate subjective component of an Eighth Amendment claim pertains to the defendant prison officials' "state of mind" of deliberate indifference, which requires a showing that the prison officials were "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and also drew that inference.  *See Barnett,* 414 F. App'x at 787-88 (citing *Blackmore*, 390 F.3d at 895-96); *see also Williams v. Mehra*, 186 F.3d 685, 691-92 (6th Cir. 1999) (en banc).  This component was "intended to prevent the constitutionalization of medical malpractice claims."  *Barnett*, 414 F. App'x at 788 (quoting *Dominguez v. Corr. Med. Services*, 555 F.3d 543, 550 (6th Cir. 2009) (internal quotation and citation omitted)).  It is well-settled that allegations of negligence in diagnosing or treating medical conditions are not actionable under § 1983.  *Estelle*, 429 U.S. at 106; *Byrd v. Wilson*, 701 F.2d 592, 595 n.2 (6th Cir. 1983); *Westlake v. Lucas*, 537 F.2d 857, 860-61 n.5 (6th Cir. 1976).  A prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement, including proper medical care, only if "he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  *Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *see also Dominquez*, 555 F.3d at 550 ("deliberate indifference to a substantial risk of serious harm to a prisoner is the equivalent of recklessly disregarding that risk").

Here, plaintiff's allegations do not state a claim of an Eighth Amendment violation by any of the named defendants.  At most, plaintiff's allegations regarding the adquacy of medical care he received after his surgery, and other alleged incidents of "negligence" in responding to

8

his medical issues, may give rise to a claim of negligence on the part of SOCF's medical staff. However, "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law." *Westlake*, 537 F.2d at 860 n.5; *see also Thomas v. Rochell,* 47 F. App'x 315, 317 (6th Cir. 2002) (holding that a "prisoner has no remedy under § 1983 to pursue tort" and medical malpractice claims against prison doctors). Therefore, the portion of the complaint alleging a denial of adequate medical care by defendants should be dismissed.

The only claims remaining in the complaint are alleged against defendants Greene, Morgan and Oppy based on their failure to adequately protect plaintiff from harm by other inmates and other conclusory allegations. In the absence of "detailed factual allegations," or any allegation linking the defendants to the purported offenses, plaintiff's conclusory claims that SOCF staff have stolen "alot of [his] personal property" and that he "has been denied religious service;" access to the prison law library, commissary, and legal assistance; "any exercise;" and "visits" at the prison, should be dismissed as nothing "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). However, upon review of the complaint and attached exhibits, which indicate that the SOCF "wardens" were aware and involved in the investigation of specific incidents involving alleged threats to plaintiff's safety, the undersigned concludes that plaintiff's failure-to-protect claim is deserving of further development and may proceed at this juncture against defendants Greene, Morgan and Oppy. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly, in sum, the undersigned concludes that all of plaintiff's claims for relief

9

should be dismissed for failure to state a claim upon which relief can be granted, except that plaintiff's failure-to-protect claim against defendants Greene, Morgan and Oppy is deserving of further development and may proceed at this juncture.

## IT IS THEREFORE RECOMMENDED THAT:

All claims in the complaint should be **DISMISSED** for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983, except for plaintiff's failure-to-protect claim against defendants Greene, Morgan and Oppy, which should be allowed to proceed.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

## IT IS THEREFORE ORDERED THAT:

1. The United States Marshal shall serve a copy of the complaint and motions submitted by plaintiff for filing in this action, summons, the separate Order issued this date granting prisoner *in forma pauperis* status, and this Order and Report and Recommendation upon defendants Larry Greene, Don Morgan and Mic Oppy as directed by plaintiff.  All costs of service shall be advanced by the United States.

2.  Plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendants or their counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the clerk or which fails to include a certificate of service will be disregarded by the Court.

3.  Plaintiff shall inform the Court promptly of any changes in his address which may

occur during the pendency of this lawsuit.


Date:     May 18, 2012             s/ J. Gregory Wehrman
       cbc                                     J. Gregory Wehrman
                                          United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

WILLIAM DIXON,                                        Case No. 1:12-cv-294
      Plaintiff

                                           Dlott, J.

    vs                                                Wehrman, M.J.

GARY MOHR, et al.,
      Defendants

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).