UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

WILLIAM DIXON,
    Plaintiff

vs

GARY MOHR, et al.,
    Defendants

Case No. 1:12-cv-294
Dlott, J.
Wehrman, M.J.

## MEMORANDUM ORDER

Pending are several motions filed by pro se plaintiff, who is incarcerated. After review, the Court concludes the motions should be denied without defendants, who have not yet filed a response to plaintiff's §1983 complaint, being required to respond to any of the motions.

Plaintiff's prolix, handwritten, partially illegible complaint is very difficult to decipher, as are many of his other pleadings. Generally, plaintiff accuses various state prison officials of failing to protect him adequately from other inmates. I recently issued a report and recommendation in which I concluded that most of plaintiff's causes of action should be dismissed, with only a failure to protect claim against three defendants being allowed to proceed. Doc. 14. This memorandum order addresses several of plaintiff's miscellaneous motions which were not discussed in my report and recommendation.

### I. Motion to Stop Out of State Transfer

The first motion to be addressed will be plaintiff's motion to stop an out of state transfer. Doc. 4. In relevant part, the motion to stop out of state transfer asks the Court to "ask O.D.C. [presumably the Ohio Department of Corrections] to stop any out of state transfer. I [plaintiff] feel Oakwood P.C. will be safe enough for William Dixon. The out of state move violates my due process and rights." Doc. 4. As I construe it, therefore, plaintiff is asking the Court to require the Ohio Department of Corrections, which is not a named defendant, to house plaintiff in a specific correctional facility. Plaintiff does not have a

constitutional right to be housed in any particular facility and the Court affords correctional departments great discretion in determining where to house inmates. *See, e.g., Ward v. Dyke*, 58 F.3d 271, 274 (6th Cir. 1995) ("Prisoners do not have a constitutional right to be incarcerated in any particular institution. *See Meachum v. Fano*, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976). Moreover, the Supreme Court has held repeatedly that the ability to transfer prisoners is essential to prison management, and that requiring hearings for such transfers would interfere impermissibly with prison administration. *Id.*; *Olim v. Wakinekona*, 461 U.S. 238, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *Montanye v. Haymes*, 427 U.S. 236, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976). 'Whatever expectation the prisoner may have in remaining at a particular prison so long as he behaves himself, it is too ephemeral and insubstantial to trigger procedural due process protections as long as prison officials have discretion to transfer him for whatever reason or for no reason at all.' *Meachum*, 427 U.S. at 228, 96 S.Ct. at 2540.").

In addition, there is no concrete indication in the motion that plaintiff is actually being transferred to a facility located outside Ohio (or to which extraterritorial facility plaintiff would be transferred). The Court cannot grant relief to plaintiff based upon vague conjecture and theories. In any event, there is an "entire body of caselaw" holding that "a prisoner simply has no right to complain if the state decides to house him outside its borders . . . ." *Evans v. Holm*, 114 F.Supp.2d 706, 713 (E.D.Tenn. 2000). The motion to stop out of state transfer will be denied.

## II. Motion to Appoint Attorney

Plaintiff next asks the Court to appoint an attorney for him because he purportedly has limited access to legal materials and his safety is not being adequately protected by defendants. Doc. 17. It is unclear how the appointment of an attorney would result in a tangible and immediate increase in plaintiff's safety. Moreover, the Court expects all correctional officials will comply with their duty to provide proper safety to plaintiff and to

provide plaintiff with access to properly obtainable and discoverable legal materials, provided that plaintiff has made a legally and procedurally proper request for materials in accordance with all applicable local and federal rules of procedure.

In addition, the law does not require the appointment of counsel for indigent plaintiffs in cases such as this, nor has Congress provided funds with which to compensate lawyers who might agree to represent those plaintiffs. Moreover, there are not enough lawyers who can absorb the costs of representing persons on a voluntary basis to permit the Court to appoint counsel for all who file cases on their own behalf. The Court makes every effort to appoint counsel in those cases which proceed to trial, and in exceptional circumstances will attempt to appoint counsel at an earlier stage of the litigation. No such exceptional circumstances appear in this case. Therefore, plaintiff's motion for appointment of counsel will be denied

### III. Motion to Proceed Without Payment and Reduce Number of Copies

The Court has already issued an order granting plaintiff's request to proceed in forma pauperis and has denied plaintiff's request to be exempt from paying a filing fee. Docs. 6, 12. The aspect of the motion in which plaintiff again asks to proceed without payment is duplicative and accordingly will be denied as moot. Turning to the remainder of the motion, it is unclear what relief plaintiff specifically seeks as the motion provides only in relevant part that "I need a reduced # of copies, I have no access to copies or paper." Doc. 16. Presumably, plaintiff seeks to only submit one copy of any pleading to the Clerk of Court with the expectation that the Clerk will serve as plaintiff's agent for service by providing a copy of all of plaintiff's pleadings to defendants.

Federal Rule of Civil Procedure 5(a) requires copies of motions and other documents to be filed upon "every party . . . ." Indeed, "[p]roper service of pleadings and other court papers upon an opposing party is fundamental to the functioning of our adversarial system . . . ." *Robinson-Reeder v. American Council on Educ.*, 626 F.Supp.2d 11, 19 (D.D.C. 2009). Plaintiff chose to initiate this action and his status as an incarcerated prisoner who has been

granted in forma pauperis status does not relieve him of the fundamental obligation to serve a copy of all documents which he desires to be filed in the record upon all parties in accordance with the applicable rules of procedure. Plaintiff has cited to no authority which would not require him to properly serve defendants with all pleadings. The motion for reduced copies will be denied.

### IV. Motion for Emergency Assistance

Plaintiff's next motion asks the Court to direct him to be transferred to protective custody. Doc. 18. The Court expects correctional officials to perform their duty to provide adequate protection to plaintiff and all incarcerated persons. However, nowhere in the motion does petitioner concretely assert that he has formally requested correctional officials to place him in corrective custody.[1] Plaintiff must exhaust his administrative remedies at his place of incarceration by specifically requesting to be placed in protective custody before seeking relief from the Court.

### V. Motion for "All Records"

Plaintiff next asks the Court to order defendants "to release any and all medical files and reports." Doc. 19. Plaintiff's motion is fatally vague in that it does not specify precisely which medical files and reports he seeks.

In addition, there is no concrete indication that plaintiff has properly asked the appropriate prison officials for the documents and files in question.[2] Local Rule 37.1 provides

---

[1] Plaintiff devotes most of the one-page motion to a claim that he was denied access to his records and "copies of stuff" and claims that he "need[s] transferred to have access to file this case and respond to courts [sic] responsces [sic]." Doc. 18. A transfer to protective custody is not appropriate in order to provide plaintiff with more ready access to legal materials. Plaintiff does state that he has placed "over 75 kites informal complaints, and request[s]." *Id.* It is unclear what an informal "kite" involves. Notably, however, plaintiff does not state that any of his informal complaints related directly to protective custody, nor does plaintiff explicitly state that he has formally asked to be placed in protective custody.

[2] The motion only confusingly provides that plaintiff has "submitted over 75 complaints" to prison officials about various topics but there is no concrete indication that those requests specifically involve the documents at issue in the motion.

in relevant part that "[o]bjections, motions, applications, and requests relating to discovery shall not be filed in this Court, under any provision in Fed. R. Civ. P. 26 or 37 unless counsel have first exhausted among themselves all extrajudicial means for resolving the differences." In addition, Local Rule 37.2 provides in relevant part that a motion to compel discovery "shall be accompanied by a supporting memorandum and by a certification of counsel setting forth the extrajudicial means which have been attempted to resolve differences." Accordingly, before seeking relief from the Court a discovery request must have been issued and the entity to whom the request was made must have declined to provide all the requested items. After the declination, the requesting party and the entity to whom the request was made must then attempt to resolve their differences amongst themselves. Only if the parties are unable to resolve their discovery disputes themselves may relief be sought from the Court. Plaintiff is cautioned that the Court will summarily deny any future discovery-related motions which fail to comply with all applicable rules of procedure, including LR 37.1 and 37.2.

### VI. Motion for Lie Detector Test

Plaintiff next asks the Court to order a lie detector test to be administered to both him (plaintiff) and then to "everyone else . . . ." Doc. 20. Plaintiff's motion is frivolous and will be denied as such.

### VII. Motion for "Emergency Automatic 'Jury Trial' for Relief"

Defendant asks the Court to order an immediate jury trial. Doc. 21. This case is nowhere near being ready for trial. In fact, defendants have not yet responded to the complaint by filing an answer or motion to dismiss.

Unless judgment on the pleadings or a motion to dismiss is granted during the infancy of a case, the Court permits the parties a period of time to engage in discovery (the period of time when the parties can obtain relevant information from each other and sometimes from third-parties). After discovery has been completed, the parties may file written motions with the Court explaining why the opposing party's case lacks legal merit (i.e., a dispositive

motion–a motion which resolves all or some of the claims in a case). A case may progress to trial only if the Court denies the dispositive motion(s) because there are sufficient legal and/or factual issues which necessitate a trial. The motion for automatic, immediate jury trial will be denied.

### VIII. Motion for More Time/Motion for Time Extension

On April 23, 2012 the Court issued a deficiency order requiring plaintiff to submit a certified copy of his inmate trust fund account statement or pay the $350 filing fee. Doc. 2. Plaintiff's two prisoner trust fund account statements were filed on May 4, 2012 [Doc. 7] and May 8, 2012. Doc. 11. The Court granted plaintiff's motion to proceed in forma pauperis on May 21, 2012. Doc. 12.

On that same date plaintiff's motion for more time to comply with the deficiency order was filed [Doc. 22] and two days later plaintiff filed the very similar motion for time extension. Doc. 23. Plaintiff has sufficiently complied with the deficiency order, as evidenced by the fact that the Court granted plaintiff's motion to proceed in forma pauperis. Accordingly, both the motion for more time and motion for time extension will be denied as moot.

### IX. Conclusion

For the foregoing reasons, **IT IS ORDERED:**

1. Plaintiff's motion to stop out of state transfer [Doc. 4] is **denied**; and

2. Plaintiff's motion to appoint attorney [Doc. 17] is **denied**; and

3. Plaintiff's motion to proceed without payment and reduce number of copies [Doc. 16] is **denied as moot** regarding the request to proceed without payment and **denied** regarding the request to reduce number of copies; and

4. Plaintiff's motion for emergency assistance [Doc. 18] is **denied**; and

5. Plaintiff's motion for all records [Doc. 19] is **denied**; and

6. Plaintiff's motion for lie detector test [Doc. 20] is **denied**; and

7.  Plaintiff's motion for emergency automatic jury trial [Doc. 21] is **denied**; and

8.  Plaintiff's motion for more time [Doc. 22] and motion for time extension [Doc. 23] are both **denied as moot**.

This the 25th day of May, 2012.	s/ J. Gregory Wehrman
J. Gregory Werhman
United States Magistrate Judge

C:\Documents and Settings\david\Local Settings\Temp\notesD30550\12-294 cincy, dixon, deny miscellaneous motions.wpd