UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
CIVIL NO. 12-294-SJD-JGW

WILLIAM DIXON                                                                      PLAINTIFF

v.

GARY MOHR                                                                          DEFENDANT

## ORDER AND REPORT AND RECOMMENDATIONS

Pending before the Court is defendants' motion for summary judgment (Doc. 39), to which plaintiff responded in opposition (Doc. 42) and defendant filed a reply (Doc. 49). Also pending are several motions filed by plaintiff: motion to supplement evidence (Doc. 26); motion for leave to appeal/motion for new judge (Doc. 31); motion for hearing (Doc. 32); motion to view request in light of evidence to support (Doc. 35); motion to supplement evidence (Doc. 36); two motions to give transcript to the Sixth Circuit (Doc. 40, 53); motion to review motion to support change of judge or venue (Doc. 41); motion for jury trial (Doc. 55); and motion of liability (Doc. 56). These motions being ripe for decision, each will be addressed in turn.

### I. Facts and Procedural Posture

The facts have been recounted previously in this Court's order and report and recommendation of May 21, 2012, (Doc. 14), so only a truncated version is necessary here. Pro se plaintiff, an inmate at the Southern Ohio Correctional Facility in Lucasville, Ohio, brought this action against various prison personnel, state legal authorities, witnesses, and others, claiming his constitutional rights were violated. The District Court granted defendants' motion to dismiss as to all of plaintiff's claims but one. Doc. 45. Plaintiff's sole remaining claim alleges certain prison officials, defendants Greene, Morgan, and Oppy, failed to adequately protect him

1

from a November 2011 assault at the hands other inmates, in violation of the Eighth Amendment prohibition against cruel and unusual punishment. Defendants have moved for summary judgment, arguing that the claim should be dismissed because plaintiff failed to exhaust his administrative remedies

## II. Legal Standard

### a. Summary Judgment

Summary judgment is appropriate only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In considering a motion for summary judgment, the Court must view the facts in the record and all inferences that can be drawn from those facts in the light most favorable to the non-movant, in this case the plaintiff. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-7 (1986).

As the moving party, defendants have the initial burden of marshaling concrete support in the record for its assertion that no genuine dispute exists. Fed. R. Civ. P. 56(c). Once the movants have met their obligation, the burden shifts to the non-movant plaintiff to set forth "specific facts showing that there is a genuine issue for trial." *Id*. The key issue on summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

### b. Failure to Exhaust Administrative Remedies Defense

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other

Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "A prisoner's failure to exhaust his intra-prison administrative remedies prior to filing suit 'is an affirmative defense under the PLRA . . . .'" *Surles v. Andison,* 678 F.3d 452, 455 (6th Cir. 2012) (quoting *Jones v. Bock,* 549 U.S. 199, 216 (2007)). Defendants bear the burden of proof on the failure to exhaust affirmative defense. *Napier v. Laurel County, Ky.,* 636 F.3d 218, 225 (6th Cir. 2011) (citations omitted). "Summary judgment is appropriate only if defendants establish the absence of a genuine dispute as to any material fact regarding non-exhaustion." *Surles,* 678 F.3d at 455.

"[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532 (2002). This includes plaintiff's failure to protect claim. *See Arflack v. County of Henderson, Kentucky*, 412 Fed. Appx. 829, 831 (6th Cir. 2011). Proper exhaustion is required, which is satisfied by "taking advantage of each step the prison holds out for resolving the claim internally and by following the 'critical procedural rules' of the prison's grievance process to permit prison officials to review and, if necessary, correct the grievance 'on the merits' in the first instance." *Reed–Bey v. Pramstaller,* 603 F.3d 322, 324 (6th Cir. 2010). Importantly, proper exhaustion also requires that the prisoner abide by the administrative procedure's time limits. *Woodford v. Ngo*, 548 U.S. 81, 93-5 (2006). "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones*, 549 U.S. at 218.

### 1. *Ohio Administrative Procedures*

Ohio has established a procedure for resolving inmate complaints, found in Ohio Admin. Code § 5120–9–31. It is a three-step process. First, the inmate must submit an informal

complaint within fourteen days of the precipitating event to the proper prison staff member. Ohio Admin. Code § 5120–9–31(K)(1). The prison must respond to the informal complaint and if the inmate is unsatisfied with the response, he may complete the second step by filing a formal grievance (called a Notification of Grievance) with the inspector of institutional services. *Id.* at (K)(2). That inspector is required investigate the matter and issue a written response to the inmate's grievance within fourteen days of receiving the grievance. *Id.* Third, if the inmate is dissatisfied with that response, he may file an appeal to the office of the Chief Inspector of Ohio Department of Rehabilitation and Correction ("ODRC"). *Id.* at (K)(3).

### III. Analysis

Defendants assert that plaintiff did not complete steps two or three of the grievance procedure, citing a declaration from Linda Coval, the Deputy Chief Inspector for the ODRC. Doc. 39-1 at 1-4. Plaintiff did complete step one, filing two informal complaints on December 2, 2011, stating that the prison was not a safe place for him as a result of the November 2011 beating. *Id.* at 5, 6. Plaintiff received a response to each informal complaint, as required. *Id.* at 3. Defendants argue that plaintiff did not attempt to timely comply with the remaining steps, in spite of the fact that plaintiff was aware of and knew how to exhaust the procedure, which defendants demonstrated by citing an unrelated instance where plaintiff completed the grievance process. *Id.* at 7-12.

Plaintiff argues that the prison staff thwarted his attempts to exhaust his administrative remedies. He claims that they did not respond to all of his informal complaints; that he did submit the few responses he did receive; and that his request for a grievance form to complete step three was ignored. Doc. 42 at 1. He cites a document filed with his complaint where he complains about the lack of progress in his case and requests the emergency director's

4

investigation grievance form. Doc. 13-1 at 6. This, he argues, was his attempt to satisfy the third step of the administrative procedure. Doc. 42 at 2. He asserts that he "filed and filed for the last step," but was denied access to the forms. *Id*.

"The Sixth Circuit requires some affirmative efforts to comply with the administrative procedures before analyzing whether the facility rendered these remedies unavailable. Our Court has consistently analyzed whether an inmate's efforts to exhaust were sufficient under the circumstances . . . ." *Napier*, 636 F.3d at 224-5. In considering the sufficiency of an inmate's efforts, "we decline to impose requirements on [inmates] for exhaustion purposes beyond those that are required by the grievance procedure itself." *Peterson v. Cooper*, 463 Fed. Appx. 528, 530 (6th Cir. 2012).

Plaintiff has provided some evidence that he attempted to comply with the administrative procedures. Whether his efforts to exhaust were sufficient under the circumstances is more problematic. While plaintiff argues that prison officials did not always respond to his informal complaints, it is undeniable that he received a timely response to at least one of his informal complaints relevant to this case, as plaintiff himself attached the complaint and response to his pleadings.[1] Doc. 13-1 at 11. Plaintiff does not appear to explain why he failed to follow through with steps two or three after receiving the response. He only addresses the second step in his brief once, when he asserts that he "submitted the few responses he did receive." Doc. 42 at 1. Plaintiff did present evidence that he requested various documents and reports related to his complaint (Doc. 13-1 at 3-4), and that he protested that he was not receiving responses and was

---

[1] Defendants attached to its motion for summary judgment the other informal complaint with the response, though it does not appear in plaintiff's supporting documents attached to his pleadings. Doc. 39-1 at 6.

5

not given all of the relevant evidence (Doc. 13-1 at 1, 5). Yet, none of the documents plaintiff submitted with his pleadings reveals a timely request for the grievance form, as required by step two. The fact that only two months prior plaintiff submitted a grievance form pursuant to step two for a different complaint shows he knew how to complete step two and that the prison officials were responsive to his requests. This last point is additionally supported by a report of plaintiff's complaint history, submitted by defendants, which shows he filed some seventeen informal complaints, exhausting his administrative remedies in two cases. Doc. 39-1 at 8. Finally, the document plaintiff cites as his request for the form to complete step three is dated March 12, 2012, making it untimely by more than two months. Doc. 13-1 at 6.

Two recent Sixth Circuit cases are instructive. In both *Risher v. Lappin*, 639 F.3d 236, 240-41 (6th Cir. 2011), and *Peterson*, 463 Fed. Appx. at 530, the Court held that the plaintiffs' exhaustion efforts were sufficient when both attempted to comply timely with the administrative procedures, but were prevented when prison officials failed to uphold their responsibilities under the procedures. In contrast, here, even viewing the evidence in the best light for plaintiff, plaintiff has not shown that he attempted to comply with either the second or third step of the administrative procedure in a timely manner. Moreover, defendants have demonstrated their responsiveness to plaintiff's complaints, both in this case and previously. In short, defendants have established that there is no genuine dispute as to any material fact regarding non-exhaustion of the administrative remedies. Therefore, defendants' motion for summary judgment should be granted and plaintiff's complaint should be dismissed without prejudice. *See Boyd v. Corrs. Corp. of Am.*, 380 F.3d 989, 994 (6th Cir. 2006).

### IV. Plaintiff's Motions

The remaining motions, all filed by plaintiff, in large part seek relief which this Court cannot grant and/or discuss matters not pertinent to this case. These include the motion for leave to appeal/motion for new judge (Doc. 31), where plaintiff discusses an out of state transfer and the fairness of his underlying conviction, issues not before this Court; the motion to view request in light of evidence to support (Doc. 35), where plaintiff complains that the ODRC has illegally charged him fees or fines, which are also not properly before this Court; plaintiff's two motions to give transcript to the Sixth Circuit (Doc. 40, 53), where plaintiff's requests are premature and made to the wrong authority; the motion to review motion to support change of judge or venue (Doc. 41), where plaintiff makes claims regarding his medical care and other treatment by the prison staff that are not before the Court; and plaintiff's motion of liability (Doc. 56), where he complains that he has not been transferred, an issue that is not before the Court. Plaintiff's motion for hearing (Doc. 32) will be denied because the case does not require oral argument. Plaintiff's motion to supplement evidence (Doc. 26), will be denied because the evidence proffered is not relevant, since it concerns matters related plaintiff's underlying conviction. Plaintiff's motion for jury trial (Doc. 55) will be denied without prejudice in light of this Court's recommendation that the case be dismissed on summary judgment. If the issue becomes ripe again, plaintiff may at that time make a motion for a jury trial before the presiding District Court Judge. Finally, plaintiff's motion to supplement evidence with a letter he attached to the filing (Doc. 36) will be granted.

## V. Conclusion

For the reasons stated, accordingly,

**IT IS ORDERED:**

(1) Plaintiff's motion to supplement evidence [Doc. 26] is **DENIED**;

(2) Plaintiff's motion for leave to appeal/motion for new judge [Doc. 31] is **DENIED**;

(3) Plaintiff's motion for hearing [Doc. 32] is **DENIED**;

(4) Plaintiff's motion to view request in light of evidence to support [Doc. 35] is **DENIED**;

(5) Plaintiff's motion to supplement evidence [Doc. 36] is **GRANTED**;

(6) Plaintiff's motion to give a transcript to the Sixth Circuit [Doc. 40] is **DENIED**;

(7) Plaintiff's motion to review motion to support change of judge or venue [Doc. 41] is **DENIED**;

(8) Plaintiff's motion to transfer transcripts to the Sixth Circuit [Doc. 53] is **DENIED**;

(9) Plaintiff's motion for jury trial [Doc. 55] is **DENIED WITHOUT PREJUDICE**;

(10) Plaintiff's motion of liability [Doc. 56] is **DENIED**.

**IT IS RECOMMENDED:**

(1) Defendants' motion for summary judgment [Doc. 39] should be **GRANTED** and plaintiff's complaint should be **DISMISSED WITHOUT PREJUDICE**.

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. Fed. R. Civ. P. 72(b)(2); *see also U.S. v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Secretary of HHS*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to

another party's objections within fourteen days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

      This, the 26th day of February, 2013.         s/ J. Gregory Wehrman_____
                                                                               J. Gregory Wehrman
                                                                               United States Magistrate Judge